# EXHIBIT C

Preliminary Order on Sale Motion

90303148.17

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Seahawk Drilling, Inc., | § | Case No.: 11-_____ |
| | § | |
| Seahawk Drilling LLC, | § | Case No.: 11-_____ |
| | § | |
| Energy Supply International LLC, | § | Case No.: 11-_____ |
| | § | |
| Seahawk Global Holdings LLC, | § | Case No.: 11-_____ |
| | § | |
| Seahawk Mexico Holdings LLC, | § | Case No.: 11-_____ |
| | § | |
| Seahawk Drilling Management LLC, | § | Case No.: 11-_____ |
| | § | |
| Seahawk Offshore Management LLC, | § | Case No.: 11-_____ |
| | § | |
| Seahawk Drilling USA LLC, | § | Case No.: 11-_____ |
| | | |
| Debtors. | | Motion for Joint Administration Pending |

**ORDER (i) SCHEDULING AN EXPEDITED HEARING TO APPROVE THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (ii) SETTING DEADLINES FOR FILING OBJECTIONS TO (1) THE PROPOSED SALE AND (2) THE PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND THE PAYMENT OF CURE CLAIMS IN CONNECTION THEREWITH; AND (iii) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the Emergency Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure, for an Order (i) Scheduling an Expedited Hearing to Approve the Sale of Substantially all of the Debtors' Assets; (ii) Setting Deadlines for Filing Objections to (1) the Proposed Sale and (2) the Proposed Assumption and Assignment of Executory Contracts and the Payment of Cure Claims in Connection Therewith; and (iii) Approving the Form and Manner of Notice Thereof (the "**Sale Motion**"); the evidence presented and the arguments of counsel in support of the Sale Motion, the Court finds that: (i) the Court has jurisdiction over the Sale

90303148.17

Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (ii) good and sufficient business reasons exist for setting an expedited hearing to consider approval of the Sale Motion; (iii) good cause exists to shorten the applicable notice periods in Bankruptcy Rules 2002, 6004, and 6006 and the applicable notice periods in the Local Bankruptcy Rules for the Southern District of Texas; and (iv) the Sale Hearing Notice attached to the Sale Motion conforms with all applicable rules, including Federal Rules of Bankruptcy Procedure 1005, 2002(l), 2002(n), and 9008, and is reasonably calculated to provide notice and an opportunity to participate for all affected parties. Therefore, it is

**ORDERED** that the relief requested in the Sale Motion is granted to the extent set forth herein; and it is further

**ORDERED** that a final hearing (the "**Sale Hearing Date**") to consider entry of an order, pursuant to the Sale Motion, authorizing and approving the sale of substantially all the Debtors' assets to the Purchaser, shall be held on _____ ___, 2011 at __:___ _.m. (CST) before the Honorable Richard S. Schmidt, United States Bankruptcy Judge, United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401; and it is further

**ORDERED** that all objections to the Sale Motion (a "**Sale Objection**") must set forth in writing, with particularity, the factual and legal basis for the objection and be filed, by a party with standing, on Debtors' counsel, Fulbright & Jaworski L.L.P., Attn: Berry D. Spears, Esq. and Johnathan C. Bolton, Esq., 1301 McKinney, Suite 5100, Houston, Texas 77010 and counsel to the Purchaser, Thompson & Knight L.L.P., Attn: Rhett G. Campbell, Esq., 333 Clay Street, Suite 3300, Houston, Texas 77002 and all other parties entitled to notice by 12:00 p.m. (Central Time) on the third Business Day prior to the Sale Hearing Date (the "**Objection Deadline**"). The failure to timely file and serve an objection by the Objection Deadline shall be a bar to any further

assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the sale, or the Debtors' consummation and performance of the APA; and its further;

**ORDERED** that except as set forth herein, unless a Sale Objection is filed and served by the Objection Deadline, all parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Sale Objection and to have otherwise consented to the proposed sale and shall be forever barred and estopped from asserting any Sale Objection against the Debtors, the Purchaser or any other assignee of them; and it is further

**ORDERED** that objections, if any, that relate to the proposed assumption and assignment of executory contracts (including, but not limited to, any objections relating to the validity of the cure amount as determined by the Debtors or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under any of the assigned executory contracts as of the date of the Sale Hearing) (a "**Cure Objection**") shall be filed and served so as to be actually received by the Objection Deadline; and it is further

**ORDERED** that except as set forth herein, unless a Cure Objection is filed and served by a non-Debtor party to an executory contract proposed to be assumed and assigned by the Objection Deadline, all interested parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assignment of the executory contracts set forth on Exhibit B to the Asset Purchase Agreement and shall be forever barred and estopped from asserting or claiming against Debtors, the Purchaser or any other assignee of them that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such assigned contract for the period prior to the date of the Sale Hearing; and it is further

**ORDERED** that the form of Sale Hearing Notice attached hereto as **Exhibit 1** is hereby approved; and it is further

**ORDERED** that the Debtor shall serve the Sale Hearing Notice on (a) Natixis, New York Branch, as Administrative Agent for the Lenders; (b) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (c) Pride International, Inc.; (d) Hercules Offshore, Inc.; (e) D.E. Shaw Direct Capital Portfolios, L.L.C.; (f) the U.S. Trustee's Office; (g) the United States Attorney's Office; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; (j) parties to executory contracts proposed to be assumed and assigned; (k) entities known or reasonably believed to have expressed an interest in acquiring any of the assets offered for the sale; (l) entities who hold or assert liens or security interests in the Purchased Assets; and (m) entities who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and it is further

**ORDERED** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

SIGNED this the ____ day of _____, 2011.

_____
UNITED STATES BANKRUPTCY JUDGE