

ENTERED
02/15/2011

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Seahawk Drilling, Inc., *et al.*, | § | Case No.: 11-20089-RSS |
| | § | |
| Debtors. | § | Jointly Administered |

### ORDER (i) SCHEDULING A FINAL HEARING TO APPROVE THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (ii) SETTING DEADLINES FOR FILING OBJECTIONS TO (1) THE PROPOSED SALE AND (2) THE PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND THE PAYMENT OF CURE CLAIMS IN CONNECTION THEREWITH; AND (iii) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the Emergency Motion Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure, for an Order (i) Scheduling an Expedited Hearing to Approve the Sale of Substantially all of the Debtors' Assets; (ii) Setting Deadlines for Filing Objections to (1) the Proposed Sale and (2) the Proposed Assumption and Assignment of Executory Contracts and the Payment of Cure Claims in Connection Therewith; and (iii) Approving the Form and Manner of Notice Thereof (the "**Sale Motion**"); the evidence presented and the arguments of counsel in support of the Sale Motion, the Court finds that: (i) the Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (ii) good and sufficient business reasons exist for setting an expedited hearing to consider approval of the Sale Motion; (iii) good cause exists to shorten the applicable notice periods in Bankruptcy Rules 2002, 6004, and 6006 and the applicable notice periods in the Local Bankruptcy Rules for the Southern District of Texas; and (iv) the Sale Hearing Notice[1] attached to the Sale Motion conforms with all applicable rules, including Federal Rules of

Bankruptcy Procedure 1005 and 2002(n), and is reasonably calculated to provide notice and an opportunity to participate for all affected parties. Therefore, it is

**ORDERED** that the relief requested in the Sale Motion is granted to the extent set forth herein; and it is further

**ORDERED** that the Court shall conduct a pre-trial conference on the Sale Motion on **March 10, 2011 at 9:00 a.m. (CST)** before the Honorable Richard S. Schmidt, United States Bankruptcy Judge, Bob Casey U.S. Courthouse, Courtroom 400, 515 Rusk, Houston, Texas 77010; and it is further

**ORDERED** that a final hearing (the "**Sale Hearing Date**") to consider entry of an order, pursuant to the Sale Motion, authorizing and approving the sale of substantially all the Debtors' assets to the Purchaser, shall be held on **March 15, 2011 at 10:00 a.m. (CST)** before the Honorable Richard S. Schmidt, United States Bankruptcy Judge, United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401; and it is further

**ORDERED** that all objections to the Sale Motion (a "**Sale Objection**") must set forth in writing, with particularity, the factual and legal basis for the objection and be filed, by a party with standing, on Debtors' counsel, Fulbright & Jaworski L.L.P., Attn: Berry D. Spears, Esq. and Johnathan C. Bolton, Esq., 1301 McKinney, Suite 5100, Houston, Texas 77010 and counsel to the Purchaser, Thompson & Knight L.L.P., Attn: Rhett G. Campbell, Esq., 333 Clay Street, Suite 3300, Houston, Texas 77002 and all other parties entitled to notice on or before **March 9, 2011 at 4:00 p.m. (CST)** (the "**Objection Deadline**"). The failure to timely file and serve an objection by the Objection Deadline shall be a bar to any further assertion, at the Sale Hearing or thereafter, of

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Sale Motion.

any objection to the Sale Motion, the sale, or the Debtors' consummation and performance of the APA; and its further;

**ORDERED** that except as set forth herein, unless a Sale Objection is filed and served by the Objection Deadline, all parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Sale Objection and to have otherwise consented to the proposed sale and shall be forever barred and estopped from asserting any Sale Objection against the Debtors, the Purchaser or any other assignee of them; and it is further

**ORDERED** that objections, if any, that relate to the proposed assumption and assignment of executory contracts (including, but not limited to, any objections relating to the validity of the cure amounts listed on Exhibit 1 to the Sale Hearing Notice as determined by the Debtors or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under any of the assigned executory contracts as of the date of the Sale Hearing) (a "**Cure Objection**") shall be filed and served so as to be actually received by the Objection Deadline; and it is further

**ORDERED** that except as set forth herein, unless a Cure Objection is filed and served by a non-Debtor party to an executory contract proposed to be assumed and assigned by the Objection Deadline, all interested parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assignment of the executory contracts set forth on Exhibit 1 to the Sale Hearing Notice and shall be forever barred and estopped from asserting or claiming against Debtors, the Purchaser or any other assignee of them that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such assigned contract for the period prior to the date of the Sale Hearing; and it is further

**ORDERED** that the form of Sale Hearing Notice attached hereto as Exhibit A is hereby approved; and it is further

**ORDERED** that the Debtor shall serve the Sale Hearing Notice within twenty-four (24) hours after entry on (a) Natixis, New York Branch, as Administrative Agent for the Lenders; (b) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (c) Pride International, Inc.; (d) Hercules Offshore, Inc.; (e) D.E. Shaw Direct Capital Portfolios, L.L.C.; (f) the U.S. Trustee's Office; (g) the United States Attorney's Office; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; (j) parties to executory contracts proposed to be assumed and assigned; (k) entities known or reasonably believed to have expressed an interest in acquiring any of the assets offered for the sale; (l) entities who hold or assert liens or security interests in the Purchased Assets; and (m) entities who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and it is further

**ORDERED** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

SIGNED this the 15th day of February, 2011.

UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| Seahawk Drilling, Inc., *et al.*, | § Case No.: 11-20089-RSS |
| | § |
| Debtors. | § Jointly Administered |

**NOTICE OF (i) FINAL HEARING TO APPROVE THE SALE OF SUBSTANTIALLY ALL THE DEBTORS' ASSETS TO HERCULES OFFSHORE, INC. PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 6006, 9007, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND (ii) DEADLINES FOR FILING OBJECTIONS TO (1) THE PROPOSED SALE AND (2) THE PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND PAYMENT OF CURE CLAIMS DUE IN CONNECTION THEREWITH**

PLEASE TAKE NOTICE that, on February 11, 2011, Seahawk Drilling, Inc. and the above-captioned affiliated debtors (collectively, the "**Debtors**"), filed their Emergency Motion Pursuant To Sections 105, 363 and 365 of the Bankruptcy Code And Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules Of Bankruptcy Procedure, for an Order (i) Scheduling an Expedited Hearing To Approve The Sale of Substantially All of the Debtors' Assets; (ii) Setting Deadlines for Filing Objections To (1) the Proposed Sale and (2) the Proposed Assumption and Assignment of Executory Contracts and the Payment of Cure Claims in Connection Therewith; and (iii) Approving the Form and Manner of Notice Thereof (the "**Sale Motion**").

PLEASE TAKE FURTHER NOTICE that on February 14, 2011, the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (the "**Court**") entered an order that, among other things, set a date for the final hearing to approve the sale of substantially all of the Debtors' assets.

PLEASE TAKE FURTHER NOTICE that a complete copy of the Sale Motion is being served concurrently with this Sale Notice. The Sale Motion and related case pleadings are also

publicly available on a website maintained by the Debtors' Noticing Agent, Kurtzman Carson Consultants LLC, at www.kccllc.net/seahawk and can also be accessed by contacting the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that the Court has scheduled a pre-trial conference on the Sale Motion on **March 10, 2011 at 9:00 a.m. (CST)** before the Honorable Richard S. Schmidt, United States Bankruptcy Judge, Bob Casey U.S. Courthouse, Courtroom 400, 515 Rusk, Houston, Texas 77010.

PLEASE TAKE FURTHER NOTICE that the Court has scheduled **March 15, 2011, at 10:00 a.m. (CST)** before the Honorable Richard S. Schmidt, United States Bankruptcy Judge, United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401, as the date for a hearing (the "**Sale Hearing Date**") to consider entry of an final order authorizing and approving (i) the sale of substantially all the Debtors' assets to Hercules Offshore, Inc. ("**Purchaser**") free and clear of all liens, claims, encumbrances and interests; and (ii) authorizing the assumption and assignment of certain executory contracts (the "**Assigned Contracts**") in connection therewith. The Sale Hearing may, however, be adjourned from time to time by announcement at the Sale Hearing in open Court, without notice.

PLEASE TAKE FURTHER NOTICE that the Debtors propose to sell substantially all of their assets (the "**Purchased Assets**") free and clear of any liens, claims, encumbrances, or interests pursuant to 363(f) of the United States Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that objections, if any, that relate to the proposed Assigned Contracts (including, but not limited to, any objections relating to the validity of the cure amounts listed on Exhibit 1 hereto as determined by Debtors or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under any of the Assigned Contracts as the Sale Hearing Date) (a "**Cure Objection**") shall be filed and served so

as to be actually received by Debtors' counsel, Fulbright & Jaworski L.L.P., Attn: Berry D. Spears, Esq. and Johnathan C. Bolton, Esq., 1301 McKinney, Suite 5100, Houston, Texas 77010 and counsel to the Purchaser, Thompson & Knight L.L.P., Attn: Rhett G. Campbell, Esq., 333 Clay Street, Suite 3300, Houston, Texas 77002 by **March 9, 2011 at 4:00 p.m. (CST)** (the "**Cure Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that except as limited herein, unless a Cure Objection is filed and served by a party to an Assigned Contract or a party interested in an Assigned Contract by the Cure Objection Deadline, all interested parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assignment of the Assigned Contract and shall be forever barred and estopped from asserting or claiming that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such assigned contract for the period prior to the Sale Hearing Date, against the Debtors, the Purchaser, or any other assignee of the relevant Assigned Contract.

PLEASE TAKE FURTHER NOTICE that objections, if any, that relate to any other aspect of the proposed sale of the Purchased Assets (a "**Sale Objection**") shall be filed and served so as to be actually received by Debtors' counsel, Fulbright & Jaworski L.L.P., Attn: Berry D. Spears, Esq. and Johnathan C. Bolton, Esq., 1301 McKinney, Suite 5100, Houston, Texas 77010 and counsel to the Purchaser, Thompson & Knight L.L.P., Attn: Rhett G. Campbell, Esq., 333 Clay Street, Suite 3300, Houston, Texas 77002 and all other parties entitled to notice, by **March 9, 2011 at 4:00 p.m. (CST)**. Any Sale Objection shall set forth in writing and with particularity the factual and legal basis being asserted as the basis of such objection and be filed by a party with standing.

PLEASE TAKE FURTHER NOTICE that hearings with respect to Cure Objections and Sale Objections may be held (a) at the Sale Hearing; or (b) at such other date as the Court may designate.

PLEASE BE FURTHER ADVISED that all additional requests for information concerning the sale of the Purchased Assets should be in writing directed to Debtors' counsel, Berry D. Spears and Johnathan C. Bolton, Fulbright & Jaworski L.L.P., 1301 McKinney, Suite 5100, Houston, Texas 77010-3095, with a copy to Seahawk Drilling, Inc., Attn: General Counsel, 5 Greenway Plaza, Suite 2700, Houston, Texas 77046.

Dated: February ___, 2011

Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**
By: _____
    Berry D. Spears
    State Bar No. 18893300
    Johnathan C. Bolton
    State Bar No. 24025260
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
bspears@fulbright.com
jbolton@fulbright.com

and

**JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER P.C.**
Shelby A. Jordan
State Bar No. 11016700
Nathanial Peter Holzer
State Bar No. 00793971
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78401-0341
Telephone: (361) 653-6624
Facsimile: (361) 888-5555
sjordan@jhwclaw.com
pholzer@jhwclaw.com

**ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**