# EXHIBIT A
The Engagement Letter

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

December 22, 2010

Alejandro Cestero
SVP, GC, CCO & Secretary
Seahawk Drilling, Inc.
5 Greenway Plaza
Suite 2700
Houston, TX 77046

Dear Mr. Cestero:

This letter will confirm our agreement that:

1.  Retention of Sitrick And Company.

    This letter, when accepted on behalf of Seahawk Drilling, Inc. ("Company"), effective as of Dec. 22, 2010, as provided below, will constitute the agreement with respect to the engagement of Sitrick And Company, a division of Sitrick Brincko Group, LLC ("Sitrick") as corporate communications consultants in connection with a potential restructuring of Company (hereafter referred to as "Agreement"). Upon the filing of any bankruptcy documents, Sitrick acknowledges that its retention must be approved by the United States Bankruptcy Court (a "Bankruptcy Court"). Upon approval of the retention, Sitrick can only be paid in accordance with procedures established by and orders entered by the Bankruptcy Court. The Company shall have no obligation to pay any sums not approved by the Bankruptcy Court.

2.  Retainer and Fees for Services Rendered.

    Upon signing this Agreement, Company shall pay Sitrick a minimum, non-refundable retainer of thirty-five thousand dollars ($35,000.00). Sitrick's fees will be applied against this retainer and which will be $495 per hour at the maximum and will be $495 per hour for Brenda Adrian, $450 for Tom Becker and $185 for Danielle Newman, Ashley Cantwell and Kara Schmeimann, depending on the professional performing the services. Travel time is charged on a portal-to-portal basis for any travel for meetings held outside of Sitrick's offices. Hourly rates may be adjusted at the end of each calendar year. Time is billed by Sitrick in increments of one-tenth of an hour. When the retainer has been fully applied against time charges, additional time charges will be billed as incurred.

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

3. Reimbursement of Costs and Expenses.

Company shall reimburse Sitrick for all reasonable and necessary out-of-pocket expenses incurred by Sitrick in the course of Sitrick's providing services to Company, including, but not limited to, transportation, lodging, food, production costs, long distance telephone, copying, postage messengers and air courier. Provided, however, that Sitrick shall be required to obtain prior approval from the Company for any expense or series of related expenses greater than $750.00. With respect to travel costs, Company will reimburse Sitrick for actual costs incurred, unless a private plane is used, in which case Company will reimburse Sitrick for the transportation costs (and time) that Sitrick would have incurred by using commercial transportation. When in New York, if an apartment available to Sitrick personnel is used in lieu of a hotel, the cost of a standard room at The Grand Hyatt or comparable hotel will be charged. Reimbursable costs are not applied against the retainer and will be billed monthly by Sitrick. Company shall pay Sitrick a refundable expense advance of ten thousand dollars ($10,000.00) due upon execution of the Agreement. Reasonable and necessary out-of-pocket expenses incurred by Sitrick will be applied against this advance. When the expense advance has been fully applied against reasonable and necessary out-of-pocket expenses, additional costs and expenses will be billed as incurred.

4. Submission of Monthly Billing Statements.

Within thirty (30) days after the end of each calendar month, or as soon as practicable thereafter, Sitrick will provide Company with a statement setting forth the fees and expenses incurred by Sitrick during the prior month. Fees and out-of-pocket expenses are due and payable within twenty (20) days after date of invoice.

5. Termination of Engagement.

Sitrick's engagement hereunder may be terminated by either party hereto only upon seven (7) days prior written notice. All provisions of this Agreement relating to the payment of fees, time charges, costs and expenses and indemnification will survive conclusion of the engagement or any termination of the engagement by either party.

6. Indemnification.

   a. Company will indemnify and hold harmless Sitrick and its shareholders, parent company, affiliates, officers, directors, employees and agents (collectively, the "Indemnified Parties", and each, individually, an "Indemnified Party") from and against any and all losses, claims, damages, liabilities, costs and expenses (including, but not limited to, reasonable attorney's fees) which Sitrick or any Indemnified Party may be subject to or incur at any time (notwithstanding the termination or conclusion of this engagement) in connection with the services rendered by Sitrick to Company,

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

including, but not limited to, those arising from Sitrick's or any Indemnified Party's reliance on information, representations, reports or data furnished to Sitrick by Company and those arising from any need to produce documents or give testimony at any time arising out of or in relation to the services rendered by Sitrick to Company. This paragraph shall not apply to any such losses, claims, damages, liabilities, costs or expenses of Sitrick or any Indemnified Party that are judicially and finally determined to have resulted from Sitrick's or such other Indemnified Party's gross negligence or willful misconduct.

b. In the event that (i) Company files a voluntary petition for relief under Chapter 7 or Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), or (ii) Company has an involuntary petition under Chapter 7 or Chapter 11 of the Bankruptcy Code filed against it, the following provisions relating to indemnification shall also apply:

Any request by Sitrick for indemnification pursuant to paragraph 7(a) of this Agreement shall be subject to prior approval of the Court in accordance with the requirements under §§ 330 and 331 of the Bankruptcy Code.

All requests by Sitrick for payment of indemnity pursuant to this Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Sitrick nor any Indemnified Party be entitled to be indemnified for losses, claims, damages, liabilities, costs or expenses that are judicially determined to have resulted from Sitrick's or such other Indemnified Party's bad faith, self-dealing, breach of fiduciary duty, gross negligence, or reckless or willful misconduct.

In no event shall Sitrick be indemnified if Company, the Debtor, the estate, or the official committee of unsecured creditors asserts a claim for, and a court determines by final order that such claim arose out of, Sitrick's own bad faith, self-dealing, breach of fiduciary duty, gross negligence, or reckless or willful misconduct arising from the foregoing.

In the event that Sitrick seeks reimbursement for attorneys' fees from Company pursuant to this Agreement, the invoices and supporting time records from such attorneys shall be included in Sitrick's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code.

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

7. <u>Confidentiality.</u>

In the performance of this Agreement, Sitrick may receive, or otherwise have access to, confidential, proprietary and/or other nonpublic information belonging to Company, some or all of which may be specifically designated by Company as confidential ("Confidential Information").

Sitrick agrees to maintain in strictest confidence all Confidential Information and to take reasonable measures to maintain the confidentiality of such information. Sitrick agrees, with respect to such Confidential Information, to use the same methods and degree of care to prevent disclosure of such Confidential Information as it uses to prevent disclosure of its own proprietary and Confidential Information. Sitrick further agrees not to use, or disclose to any third party, any Confidential Information for any purpose without the prior consent of Company or unless compelled by court order or other legal or governmental process requiring such disclosure. Notwithstanding the foregoing, confidentiality obligations shall not apply to any information which (i) enters (or has entered) the public domain through no fault of Sitrick; (ii) which was known to Sitrick prior to receipt from Company; (iii) is or becomes available to Sitrick on a non-confidential basis from a source other than Company (unless Sitrick is aware of a duty of confidentiality on the part of the source owed to Company); (iv) which is independently developed or acquired by Sitrick without recourse to Confidential Information; or (v) which is permitted to be disseminated or otherwise disclosed pursuant to the next paragraph of this Agreement.

It is expressly understood between the parties that a key function Sitrick will be providing in connection with its public relations services will be the dissemination of information and materials as a public relations firm, including the disclosure and dissemination of certain information and materials received from Company or its affiliated representatives, agents, and/or entities or as to which Company has consented to its dissemination and disclosure or which prior to such disclosure and dissemination, has not been specifically identified and designated by Company as Confidential Information not to be disclosed. Notwithstanding the foregoing or anything in this agreement to the contrary, it shall be the responsibility of Company to specifically identify and designate to Sitrick the information provided to Sitrick which is not to be disclosed because it is Confidential Information, and Company acknowledges and consents to Sitrick disclosing to the media or others that Sitrick is acting in its capacity as a public relations firm for the benefit of Company.

In the event that Sitrick is requested or required to produce (pursuant to any legal or governmental process or proceeding): (i) any Confidential Information or (ii) any documents generated by Sitrick in connection with this engagement by subpoena, request for information or documents, production of records consistent with its retention as

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

Company's expert, or other similar legal process ("Request"), Sitrick will provide Company prompt written notice of the Request so that Company may seek a protective order or otherwise seek to limit or protect such Confidential Information and/or documents from disclosure.

8. <u>Conflicts.</u>

Company acknowledges that as a firm with a diversified practice Sitrick is often called upon to represent clients in many fields and with different interests. It is expressly understood between the parties that although Sitrick will not represent another client on the same subject matter of this particular engagement where such other client is adverse to Company on the particular subject matter of this engagement, nothing contained herein in any way prohibits or restricts Sitrick from representing a client now or in the future whose interests conflict with or are adverse to Company. In such event, Sitrick would of course maintain the confidentiality of information provided by Company.

9. <u>Hiring of Employee of Other Party.</u>

Company agrees not to solicit for employment, or employ, any employee of Sitrick during the period of Sitrick's engagement and for a period of two years thereafter. If Company hires an employee of Sitrick during the engagement or within the two year period following the conclusion or termination of the engagement, Company agrees to pay Sitrick, as liquidated damages, a fee equal to one hundred percent of the annualized total gross billings generated by each such hired employee for the twelve-month period prior to such employee's departure, or the annual gross salary of the employee at the time of departure, whichever is higher in dollar amount. All terms contained in this paragraph will survive for a period of two years following the date of any termination or conclusion of this engagement.

10. <u>Arbitration.</u>

Any controversy, claim or dispute relating to this Agreement shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association pursuant to an arbitration conducted in New York, New York. Judgment upon such arbitration may be entered in any state or federal court sitting in New York, New York. The parties hereto agree that such courts have jurisdiction over all such matters and hereby consent to such jurisdiction.

In the event that Company is the subject of a proceeding under Chapter 7 or Chapter 11 of the Bankruptcy Code, the United States Bankruptcy Court for the district in which such proceeding is pending shall have jurisdiction over this Agreement and any controversies, claims or disputes hereunder to the extent that such Bankruptcy Court has retained jurisdiction over such Chapter 7 or Chapter 11 proceeding.

**SITRICK AND COMPANY**
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

11. <u>Interest.</u>

Any sums due under this Agreement that are not paid within forty-five (45) days of date of invoice shall bear interest at the rate of ten percent (10%) per annum; provided, however, that this Section 11 shall not apply to any payments that are delayed or terminated by any actions of the Bankruptcy Court.

12. <u>Applicable Law.</u>

This Agreement shall be interpreted and enforced in accordance with the substantive laws of the State of New York applicable to contracts made and to be performed therein.

13. <u>Interpretive Provisions.</u>

The paragraph headings of this Agreement are for convenience of reference only and shall not affect the interpretation of this Agreement.

If any provision of this Agreement is held to be invalid or unenforceable, such invalidity or unenforceability shall not invalidate this Agreement as a whole, but this Agreement shall be construed as though it did not contain the particular provision held to be invalid or unenforceable and the rights and obligations of the parties shall be construed and enforced only to such extent as shall be permitted by applicable law.

## SITRICK AND COMPANY
a division of Sitrick Brincko Group, LLC
LOS ANGELES • NEW YORK • SAN FRANCISCO • MIAMI

Please countersign and return the enclosed copy, whereupon this Agreement will constitute an agreement between Company and Sitrick.

We are pleased to have the opportunity to work with you, and you have the assurance of our very best efforts.

Very truly yours,

Sitrick Brincko Group, LLC

By: *[signature]*
Brenda Adrian
Member of the Firm


AGREED: COMPANY

By: *[signature]*
Alejandro Cestero
SVP, GC, CCO & Secretary