IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Seahawk Drilling, Inc. *et al*, | § | Case No.: 11-20089 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

**SUPPLEMENTAL CERTIFICATE OF SERVICE**

I, Jennifer Grageda, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the proposed claims, ballot and noticing agent for the Debtors in the above-captioned cases.

On April 20, 2011, at my direction and under my supervision, employees of KCC caused the following documents to be served per postal forwarding address via First Class Mail upon the service list attached hereto as **Exhibit A**:

1. **Findings of Fact and Conclusions of Law on Debtors' Emergency Motion for an Order (I) Authorizing the Sale of Substantially All of Their Assets to Hercules Offshore, Inc.; (II) Approving the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief** [Docket No. 488]

2. **Order (I) Authorizing the Sale of Substantially All of Their Assets to Hercules Offshore, Inc.; (II) Approving the Assumption and Assignment of Certain Executory Contracts; and (III) Granting Related Relief** [Docket No. 489]

Furthermore, on April 19, 2011, at my direction and under my supervision, employees of KCC caused the following document to be served per postal forwarding address via First Class Mail on the service list attached hereto as **Exhibit B,** for subsequent distribution to beneficial holders with 500,000 shares or more of Common Stock, CUSIP 81201R 10 7, (the "Common Stock"):

1. **Notice of (I) Notification Procedures Applicable to Substantial Holders of Equity Securities, (II) Notification and Hearing Procedures for Trading In Equity Securities and (III) Allowing Hearing on the Prospective Application Thereof** [*attached hereto as* **Exhibit C**]

Dated: April 22, 2011

                                               */s/ Jennifer Grageda*
                                                 Jennifer Grageda

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245
(310) 823-9000

# Exhibit A

Exhibit A
Served via First Class Mail

| CREDITOR NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| Oilfield Bearing Industries, Inc | 25045 Spring Ridge Dr | Spring | TX | 77386-3713 |

# Exhibit B

Exhibit B
Served via First Class Mail

| CREDITOR NAME | CREDITOR NOTICE NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| Edward D Jones & Co | Kennique Meals | PO Box 66533 | Saint Louis | MO | 63166-6533 |

# Exhibit C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SEAHAWK DRILLING, INC., *et al.*, | § | Case No. 11-20089 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE OF (I) NOTIFICATION PROCEDURES APPLICABLE TO
SUBSTANTIAL HOLDERS OF EQUITY SECURITIES, (II) NOTIFICATION
AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES AND
(III) ALLOWING A HEARING ON THE PROSPECTIVE APPLICATION THEREOF**

TO:  ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN SEAHAWK DRILLING, INC.

**PLEASE TAKE NOTICE THAT** on February 11, 2011 (the "Petition Date"), Seahawk Drilling, Inc. ("Seahawk") and certain affiliated companies commenced cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code"). Subject to certain exceptions, Section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT** on [date], the Equity Committee filed a motion seeking entry of an order pursuant to Sections 105, 362 and 541 of the Bankruptcy Code establishing notification procedures on certain transfers of Seahawk equity securities (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT** on [date], the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered an order approving the procedures set forth in the Motion and below in order to preserve the Debtors' net operating losses (the "NOLs") pursuant to Sections 105, 362, and 541 of the Bankruptcy Code (the

"Order"). Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Order. Any purchase, sale or transfer, or any declaration of worthlessness, of equity securities in Seahawk in violation of the procedures set forth below shall be null and void ab initio as an act violating the automatic stay provisions of Section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Order, the following procedures shall apply to holding and trading in equity securities of Seahawk (the "Equity Trading Procedures"):

(i) Any person or entity who currently is or hereafter becomes a Substantial Shareholder (as such term is defined in paragraph (v) below) must file with the Court, and serve upon counsel for the Creditors Committee, counsel for Equity Committee, Debtors, and counsel for the Debtors, a notice of such status, in substantially the form attached as Exhibit 1 hereto, on or before the later of (A) thirty (30) days after entry of the Order or (B) ten (10) days after becoming a Substantial Shareholder.

(ii) Prior to effectuating any transfer of equity securities (including options to acquire stock, as defined in paragraph (v) below) that would result in an increase in the amount of common stock of Seahawk beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder or person or entity must file with the Court, and serve on counsel for the Creditors Committee, counsel for Equity Committee, Debtors, and counsel for the Debtors, an advance written notice in substantially the form attached as Exhibit 2 hereto (a "Notice of Intent to Purchase, Acquire or Otherwise Accumulate") of the intended transfer of equity securities.

(iii) Prior to effectuating any transfer of equity securities (including options to acquire stock) that would result in a decrease in the amount of common stock of Seahawk beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve on counsel for the Creditors Committee, counsel for Equity Committee, Debtors, and counsel for the Debtors, an advance written notice, in substantially the form attached as Exhibit 3 hereto (a "Notice of Intent to Sell, Trade or Otherwise Transfer" and, collectively with a Notice of Intent to Purchase, Acquire or Accumulate, a "Notice of Proposed Transfer"), of the intended transfer of equity securities.

2

(iv) The Creditors Committee, the Equity Committee and Debtors shall have fifteen (15) days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their NOLs. If the Creditors Committee, the Equity Committee or Debtors file an objection, such transaction would not be effective unless approved by a final and non-appealable order of this Court. If the Creditors Committee, the Equity Committee and Debtors do not object within such 15-day period, such transaction shall be permitted to proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph shall be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(v) For purposes of the Motion and this Order: (A) a "Substantial Shareholder" is any person or entity that beneficially owns in excess of 566,800 shares (representing approximately 4.5% of all issued and outstanding shares) of the common stock of Seahawk, (B) "beneficial ownership" of equity securities includes direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares which such holder has an option to acquire, and (C) an "option" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon receipt of the Notice of Order, any transfer agent for any class of Seahawk common stock shall be required to send such Notice of Order to all holders of Seahawk common stock holding in excess of 566,800 of such shares (or an option with respect thereto) registered with such transfer agent no later than ten (10) days after receipt of the Notice of Order. However, if any transfer agent provides the Debtors with the name and addresses of all holders of such securities no later than ten (10) days after receipt of the Notice of Order, then the Debtors shall be required to deliver the Notice of Order to such holders. Any registered holder shall be required, in turn, to provide the Notice of Order to any holder for whose account the registered holder holds securities in excess of 566,800 shares (or an option

3

with respect thereto) no later than ten (10) days after receipt of the Notice of Order (and so on down the chain of ownership). Additionally, any person, entity or broker, or agent acting on their behalf, that sells in excess of 566,800 shares of Seahawk common stock (or an option with respect thereto) to another person or entity shall be required to provide a copy of the Notice of Order authorizing the procedures to the purchaser (or any broker or agent acting on their behalf).

**PLEASE TAKE FURTHER NOTICE THAT** unless otherwise ordered by the Court, at least once every three months during these Chapter 11 Cases, all transfer agents for any class of Seahawk common stock shall be required to send the Notice of Order to all holders of securities in excess of 566,800 shares (or an option with respect thereto) registered with the transfer agent. As indicated above, if any transfer agent provides the Debtors with the name and addresses of all holders of the securities, then the Debtors shall deliver the Notice of Order to such holders. Any such registered holder must, in turn, provide such Notice of Order to any holder for whose account such registered holder holds such securities in excess of 566,800 shares (or an option with respect thereto), and so on down the chain of ownership.

> **FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE OR THE ORDER SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**
>
> **ANY PROHIBITED PURCHASE, SALE, TRADE OR OTHER TRANSFER OF EQUITY SECURITIES IN THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID AB INITIO AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice are in addition to the requirements of Rule 3002 of the Bankruptcy Rules and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.