# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

**ENTERED**
**09/27/2011**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **Seahawk Drilling, Inc.,** *et al.*, | § | **Case No.: 11-20089-RSS** |
| | § | |
| Debtors. | § | **Jointly Administered** |

## STIPULATION AND AGREED ORDER RESOLVING OBJECTIONS TO PLAN CONFIRMATION AND PROOFS OF CLAIM FILED BY HERCULES OFFSHORE, INC. AND SD DRILLING LLC
### (RELATES TO DOCKET NOS. 969, 970, 1236 and 1237)

Seahawk Drilling, Inc. and certain affiliated entities[1] (collectively, the "Debtors"), Hercules Offshore, Inc. ("Hercules") and SD Drilling LLC ("SD Drilling" and together with Hercules, "Purchaser"), file this Stipulation and Agreed Order Resolving Objections to Plan Confirmation and Proofs of Claim Filed by Hercules Offshore, Inc. and SD Drilling LLC (the "Stipulation"), and in support thereof stipulate and agree as follows:

1.     The Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 11, 2011 (the "Petition Date").

2.     On February 11, 2011, the Debtors, as sellers, and Hercules and SD Drilling as purchasers (Hercules and SD Drilling, collectively, the "Purchasers"), entered into that certain Asset Purchase Agreement dated February 11, 2011 (the "APA") under which the Purchasers purchased substantially all of the Debtors' assets through a sale under section 363 of the Bankruptcy Code (the "Sale Transactions").

3.     Contemporaneously with the filing of their voluntary petitions, the Debtors filed an Emergency Motion to approve the APA and the Sale Transactions (the "Sale Motion") and an Emergency Motion to approve the payment of a termination fee (the "Termination Fee Motion").

---

[1] The debtor-subsidiaries of Seahawk Drilling, Inc. are: Seahawk Drilling LLC, Energy Supply International LLC, Seahawk Global Holdings LLC, Seahawk Mexico Holdings LLC, Seahawk Drilling Management LLC, Seahawk Offshore Management LLC and Seahawk Drilling USA LLC.

*See* Dkt. Nos. 19 and 20.

4.      By Orders entered on March 9, 2011 and April 5, 2011, the Court approved the Termination Fee Motion and the Sale Motion, respectively.  *See* Dkt. Nos. 247 and 489.

5.      On March 22, 2011, Hercules and SD Drilling filed proofs of claim in each of the Debtors' respective bankruptcy cases in an unknown amount for possible administrative and unsecured claims based on, relating to or arising out of the APA and the Contemplated Transactions.  *See* Proofs of Claim Nos. 346, 347, 351, 354, 380, 381, 390 and 391 (collectively, the "Hercules Claims") and Proofs of Claim Nos. 392, 393, 394, 395, 396, 398, 400 and 401 (collectively, the "SD Drilling Claims").   Documents supporting the Hercules and the SD Drilling Claims were attached to Proof of Claim No. 346 and include the APA and the order approving the termination fee.

6.      On July 9, 2011, the Debtors filed their (a) *First Omnibus Objection Seeking Disallowance of Certain Duplicate Proofs of Claim and Amended Proofs of Claim Under 11 U.S.C. § 502 and Rules 3007(d)(1) and 3007(d)(3) of the Federal Rules of Bankruptcy Procedure;* and (b) *Second Omnibus Objection Seeking Disallowance of Certain Duplicate Proofs of Claim Under 11 U.S.C. § 502 and Rule 3007(d)(1) of the Federal Rules of Bankruptcy Procedure* (collectively, the "Objections"). *See* Dkt. Nos. 969 and 970.  The Objections sought to disallow fourteen (14) of the Hercules' and SD Drilling's Claims on the basis that they were duplicate claims. [2]

8.      Each of the Debtors executed the APA and is independently liable to Hercules and to SD Drilling for its performance under the APA.

9.      To date, no order has been entered granting substantive consolidation of the

---

[2]   The Court entered orders sustaining the Objections on August 11, 2011 and August 10, 2011 (the "Claim Orders").  *See* Dkt. Nos. 1165 and 1173.  The Hercules Claims and SD Drilling Claims are not subject to the Claim Orders but is subject to the terms of this Stipulation.

Debtors' estates.

10.     The hearing to confirm the *First Amended Joint Plan of the Debtors and Debtors-in-Possession Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 962] (the "<u>Plan</u>") is currently scheduled for September 27, 2011.  The Debtors' Plan provides for the substantive consolidation of the Debtors' estates.

11.     The Debtors, Hercules and SD Drilling (collectively, the "<u>Parties</u>") have negotiated the following mutual release provision (the "<u>Release Provision</u>") to be incorporated into the Plan pursuant to the APA:

**<u>Release of and by Purchaser</u>**

On and after the Effective Date, Purchaser, on behalf of itself and its subsidiaries and affiliates, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released each of (i) the Debtors; (ii) the Debtors' current and former directors, managers, officers, employees, attorneys and other representatives, in their capacities as such; (iii) legal, financial and restructuring advisors of the Debtors; and (iv) the Liquidating Trust, from any and all Claims, interests, obligations, rights, suits, damages, losses, costs and expenses, actions, Causes of Action, remedies, and liabilities of any kind or character whatsoever, including any derivative Claims asserted or assertable against the Debtors, their Estates, and the Liquidating Trust whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, suspected or unsuspected, matured or unmatured, fixed or contingent, in law, equity, or otherwise, that Purchaser, its subsidiaries and affiliates or any Entity claiming by or through Purchaser or its subsidiaries and affiliates ever had, now has or hereafter can, shall or may have, or otherwise would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, save and except any Claims and/or continuing obligations under, in connection with or relating to the APA and/or the Sale Order.

On and after the Effective Date, the Debtors, on behalf of themselves and their respective subsidiaries and affiliates (including the Liquidating Trust), shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released (i) the Purchasers, (ii) the Purchasers' current and former directors, managers, officers, employees, attorneys and other representatives, in their capacities as such, and (iii) legal and financial advisors of the Purchasers, from any and all Claims, interests, obligations, rights, suits, damages, losses, costs and expenses, actions, Causes of Action, remedies, and liabilities of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, suspected or unsuspected, matured or unmatured, fixed or contingent, in law, equity, or otherwise, that the Debtors, their subsidiaries and affiliates (including the Liquidating Trust) or any Entity claiming by or through the Debtors or their subsidiaries and affiliates ever had, now has or hereafter can, shall or may have, or otherwise would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or

Interest or other Entity, save and except any Claims and/or continuing obligations under, in connection with or relating to the APA and/or the Sale Order.[3]

12.     The Parties stipulate and agree that the factual recitations above are true, accurate and correct.   Subject to and conditioned upon the the entry of an order confirming the Plan, approving the Release Provision and granting substantive consolidation of the Debtors' estates (the "Order"), (b) such Order having become a final order, the Parties stipulate and agree that Hercules and SD Drilling shall have Proofs of Claim Nos. 346 and 392, respectively, as their only surviving claims (collectively, the "Surviving Claims") and the Parties shall retain all of their rights, duties and obligations under the APA.

14.     In accordance with the Plan, the Debtors shall assume the APA as an executory contract.  In connection with such assumption, the Debtors shall (i) pay the sum of $21,321.00 to Evans Enterprises Inc. pursuant to section 365(b) of the Bankruptcy Code as the cure of existing monetary defaults under the APA; and (ii) deliver their books and records to Purchasers in accordance with the APA and as provided in a mutually acceptable provision of the Order.

15.     Subject to and conditioned upon the Order having become a final order and the occurrence of the Effective Date, Hercules and SD Drilling shall promptly withdraw the Surviving Claims; provided, however, that such withdrawal shall not affect, impair or limit the enforceability of the Release Provision or the Parties' corresponding obligations thereunder.

NOW THEREFORE, it hereby is

ORDERED that the terms of this Stipulation recited above are approved; it is further

ORDERED that the Debtors shall revise the Plan to incorporate the Release Provision; it is further

ORDERED that in accordance with the Plan, the Debtors shall assume the APA as an

---

[3] Capitalized terms not otherwise defined in the Stipulation shall have the meanings ascribed to them in the Plan.

executory contract.  In connection with such assumption, the Debtors shall (i) pay the sum of $21,321.00 to Evans Enterprises Inc. pursuant to section 365(b) of the Bankruptcy Code as the cure of existing monetary defaults under the APA; and (ii) deliver their books and records to Purchasers in accordance with the APA and as provided in a mutually acceptable provision of the Order; it is further

ORDERED that based on the Debtors' representation that they will fulfill the terms of this Stipulation, the Limited Objections filed by Hercules and SD Drilling to confirmation of the Debtors' Plan shall be deemed resolved and withdrawn; it is further

ORDERED that upon the entry of the Order and such Order having become a Final Order, Hercules and SD Drilling shall have Proofs of Claim Nos. 346 and 392, respectively, as their only Surviving Claims and the Parties shall retain all of their rights, duties and obligations under the APA; and it is further

ORDERED that upon  the Order having become a Final Order and the occurrence of the Effective Date, Hercules and SD Drilling shall withdraw Proofs of Claim Nos. 346 and 392; provided, however, that such withdrawal shall not affect, impair or limit the enforceability of the Release Provision and the Parties' respective rights, duties and obligations under the APA.

September 27, 2011

**SIGNED this ___ day of September, 2011**

_____

**RICHARD S. SCHMIDT**
**UNITED STATES BANKRUPTCY JUDGE**

**AGREED:**

| | |
|---|---|
| **DEBTORS-IN-POSSESSION** | **HERCULES OFFSHORE, INC.  AND SD DRILLING LLC** |
| By  */s/  Berry D. Spears*_____ | By   */s/  Rhett G. Campbell*_____ |
|    Berry D. Spears |    Rhett G. Campbell |
|    Texas State Bar No. 18893300 |    Texas State Bar No. 03714500 |
|    BSpears@fulbright.com |    Rhett.Campbell@tklaw.com |
|    Johnathan C. Bolton |    Millie A. Sall |
|    Texas State Bar No. 24025260 |    Texas State Bar No. 012788050 |
|    JBolton@fulbright.com |    Millie.Sall@tklaw.com |
|    FULBRIGHT & JAWORSKI L.L.P. |    B. Ransdell Sawyer |
|    1301 McKinney, Suite 5100 |    Texas State Bar No. 24070557 |
|    Houston, Texas 77010 |    Randy.Sawyer@tklaw.com |
|    Phone: 713-651-5151 |    THOMPSON & KNIGHT LLP |
|    Fax: 713-651-5246 |    Three Allen Center |
| |    333 Clay Street, Suite 3300 |
|    Their Attorneys |    Houston, Texas 77002 |
| |    Phone: 713-654-8111 |
| |    Fax: 713-654-1871 |
| | |
| |    Their Attorneys |